Name: A. Lavar Taylor
Address: 1900 Main Street, Suite 650
City, State, Zip: Irvine, CA 92614
Phone: 714-546-0445
Fax: 714-546-2604
E-Mail: ltaylor@taylorlaw.com

☐ FPD  ☐ Appointed  ☐ CJA  ☐ Pro Per  ☒ Retained

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

United State of America

PLAINTIFF(S),

v.

Denise Dimacale et al.

DEFENDANT(S).

CASE NUMBER:

2:21-cv-06012-CBM-RAO

**NOTICE OF CROSS-APPEAL**

NOTICE IS HEREBY GIVEN that **Denise Dimacale and Daniel Dimacale** hereby cross appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify): Order Granting Plaintiff's Motion in Limine as to Expert Report of Samantha Kittle

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on _May 26, 2023_. Entered on the docket in this action on _May 26, 2023_.

A copy of said judgment or order is attached hereto.

7-29-24
Date

Signature
☐ Appellant/ProSe  ☒ Counsel for Cross-Appellant  ☐ Deputy Clerk

Note:   The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | 2:21-cv-06012-CBM-RAO |
| Date | May 26, 2023 |
| Title | United Stated of America v. Denise Dimacale |

Present: The Honorable  CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:** **IN CHAMBERS- ORDER RE: MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF SAMANTHA KITTLE**

The matter before the Court is Plaintiff's Motion in Limine to Exclude the Testimony of Samantha Kittle ("Motion," Dkt. No. 96.) Defendants Denise and Daniel Dimacale ("Defendants") filed an opposition to the Motion. (Dkt. No. 102.) Defendant Nicole Dimacale filed an opposition joining in the arguments and reasoning in Defendants' Opposition. (Dkt. No. 103.)

Plaintiff moves to exclude the expert testimony of Samantha Kittle on the following grounds: (1) Kittle's proposed testimony relates to the tax liability of Denise Dimacale for tax year 1996 which has already been established by this court in a prior proceeding; (2) the amount of the liability is barred by res judicata; and (3) the testimony is irrelevant to the matters at issue. On April 1, 2003, the Tax Court entered an Order based on the agreement of the parties that there were deficiencies in income tax due for tax year 1996 in the amount of $637,361.88 plus an accuracy-related penalty in the amount of $76,483.42. In 2014, this Court entered an Amended Judgment against Denise Dimacale for income tax liability in the amount of $1,901,763.57, based on the Department of the Treasury Internal Revenue Service's computation of the balance due, with accruals, as of September 18, 2012. Therefore, Plaintiff contends that because Denise Dimacale's liability for tax year 1996 has been conclusively established by the Tax Court, Defendants cannot challenge the amount in this proceeding.

Defendants oppose Plaintiff's Motion on the grounds that Kittle's expert opinion will address deficiencies asserted by the IRS, including the following: (1) the IRS Examiner incorrectly calculated the amount of additional income as an audit adjustment for the year 1996 therefore overstating the audit adjustment of additional income to be reported; (2) the IRS Examiner's Bank Deposit Analysis for the 1996 audit appears incomplete, prepared with flawed methodology, and leave serious doubt as to the existence in amount, if any, of additional income to be reported; and (3) if the Dimacales had been properly advised by tax professionals, they likely would not have had an amount due and owing from the 1996 tax court decision thru a refund for 1997 based on claim of right. Denise and Daniel Demicale were represented by counsel in the Tax Court decision.

   To bar a later suit under the doctrine of res judicata, an adjudication must: (1) involve the same claim as the later suit, (2) have reached a final judgment on the merits, and (3) involve the same parties or their privies. *Prezio v. Bank of Am. Corp.*, 2015 WL 12745800, at *3 (C.D. Cal. Mar. 12, 2015), aff'd, 675 F. App'x 652 (9th Cir. 2017); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). In 2014, this Court entered a judgment establishing the Federal Income Tax Liability of Denise Dimacale for tax year 1996. *See 8:12-cv-12-1601-CBM*, Dkt. No. 95. Therefore, any testimony disputing the amount agreed to by Defendants and entered by the Tax Court is barred by res judicata. Accordingly, the Court **GRANTS** Plaintiff's Motion to exclude the testimony of Samantha Kittle.

   **IT IS SO ORDERED.**